## BENJAMIN KING *vs.* DANIEL U. JOHNSON.

A person occupying land under an agreement with the owner to purchase it, but paying no rent, is not entitled to remove a wooden building with stone foundations, placed thereon, and used for a stable and shoemaker's shop; especially if the building was ei ected in consideration of the owner's postponement of the payment of one instalment of the purchase money.

ACTION OF TORT, praying for relief in equity, to restrain the assignee in insolvency of William Poole from removing a building erected by Poole on the plaintiff's land in Abington. Hearing before *Bigelow*, J., who reserved the question, whether a temporary injunction, previously granted, should be made perpetual, upon the following evidence :

" The plaintiff made a bargain with said Poole in May 1851 for the purchase of this land, for the price of one thousand dollars, and said Poole was to pay one hundred dollars in cash, and one hundred dollars annually with interest, till the whole purchase money was paid. Soon after the bargain was made, Poole applied to the plaintiff to waive the payment of the one hundred dollars in cash, and to consent, instead of said payment, that said Poole should erect on the land a building; to which the plaintiff consented. The one hundred dollars were not paid, and no time was fixed by the parties for the payment; and Poole never made any payment to the plaintiff of either principal or interest under said agreement, and never paid him any rent for the land. But he proceeded to erect on the land, in the fall of 1851, a building thirty feet square, with posts, seventeen and a half feet posts, and with a high pointed roof. It was placed on stones, forming a wall seven feet high from the ground up to the sills; this wall was laid in a trench about two feet deep; and a cellar was formed by this wall, about seven feet high, which was open on one side. The building was supported by two posts, or columns, in said cellar, which rested on the ground. Said building was built and occupied for a stable on the first floor, and for a shoemaker's shop on the second floor. Said building and land were occupied by Poole up to the time of his insolvency, in April 1855; and since that time the building has been occupied by Poole, and the land by the plaintiff."

*E. Wilkinson & N. C. Berry,* for the plaintiff.

*D. U. Johnson, pro se.*

BIGELOW, J. The general rule of the common law is, that things affixed to the realty become part thereof, and belong to the owner of the soil. This is decisive of the right of the plaintiff to the building in question, unless the defendant can show that the facts in the present case bring it within a recognized exception to the rule. This he attempts to do, by endeavoring to maintain that his insolvent, Poole, stood in the relation of lessee of the premises on which the building in question was erected, and had therefore a right to remove it as a tenant's fixture. But this position is not tenable.

Although, in a certain sense, a person occupying land under a contract of purchase may be said to be a tenant of the owner, still the analogy does not hold good in all respects. In one essential particular, it fails. The occupier is not liable to pay rent to the owner. It would seem to follow, that he has no right to remove fixtures annexed by him to the freehold. The reason why a tenant is allowed to remove structures erected for purposes of trade or convenience, affixed by him to the realty during his tenancy, is because, having paid as rent a full equivalent for the use of the premises as demised, it would be inequitable to compel him to forfeit articles, at the end of his term, which he had procured for his own use and at his own expense. *Wall* v. *Hinds*, 4 Gray, 270, 271. That reason is wholly inapplicable to a case like the present. The occupant has paid no equivalent for the use and enjoyment of the premises; nor is he compelled to surrender the estate at a fixed period of time, as upon the expiration of a term demised. He can, by fulfilling his contract of purchase, become the owner of the estate, and enjoy the full benefit of all the erections and improvements which he has made thereon. There is therefore no reason for applying to a case of this sort the very liberal rule in regard to fixtures, which prevails where the relation of lessor and lessee subsists between the parties.

Besides, on referring to the contract proved in the case, it is plain that the erection of the building on the premises was intended to be in the nature of security to the plaintiff for the payment of one hundred dollars, which was originally agreed to be paid in cash by Poole, but the payment of which was postponed at his request, in consideration that he would erect the building on the land. It would be most inequitable now to deprive the plaintiff of this security. The parties stood, in relation to it, rather in the light of mortgagor and mortgagee. Nothing is more clear than the rule, that the former would have no right to remove fixtures erected by him on the mortgaged estate. The defendant, as assignee of Poole, can have no better title to the building than his insolvent. He fails to show therefore any right to remove it from the premises, and must be

restrained accordingly. *Milton* v. *Colby*, 5 Met. 78. *Butler* v. *Page*, 7 Met. 40. *Eastman* v. *Foster*, 8 Met. 26. *Cooper* v *Adams*, 6 Cush. 87. *Dakin* v. *Allen*, 8 Cush. 33.

*Injunction made perpetual.*